IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 8 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FIDEL VALENCIA, § | |
| § | |
| Petitioner, § | |
| § | CASE NO. B-01-116 |
| VS. § | |
| § | CASE NO. B-93-00133-S2-01 |
| R. D. MILES, WARDEN OF F.C.I. § | /32 |
| BASTROP, TEXAS, § | |
| § | |
| Respondent. § | |

PETITION FOR WRIT OF HABEAS CORPUS
BY A PERSON IN FEDERAL CUSTODY UNDER
28 U.S.C. § 2241

------------------------------------------------------------

TO THE HONORABLE COURT:

**COMES NOW, FIDEL VALENCIA**, hereinafter, the Petitioner or Valencia, in the above styled and numbered cause. Petitioner Valencia, respectfully moves this Honorable Court, pursuant to Title 28 U.S.C. § 2241 to issue a Writ of Habeas Corpus in Petitioner's case.

## JURISDICTION

The Grand Jury indicted Petitioner Valencia, in Criminal No. 94-60156 with a Second Superseding Indictment on violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1).

Petitioner Valencia is a Federal Prisoner incarcerated unconstitutionally at F.C.I. Bastrop, Texas. Petitioner is in the custody of Warden R. D. Miles at the direction of the United States Attorney General Mr. Ashcroft, by virtue of a Judgment and Commitment Order issued by the United States District Court for the Southern District of Texas, Brownsville Division.

Petitioner files this Petition pursuant to Title 28 U.S.C. § 2241 (b) and claims venue in this

District Court under the power to grant writ at (d) where it states in part:

> "The application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State or Federal Court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."

This Honorable District Court, Petitioner's Sentencing Court, has subject matter jurisdiction of this case under 28 U.S.C. § 2241.

## REASON FOR GRANTING WRIT

This Honorable District Court should grant Petitioner's Writ of Habeas Corpus for the purpose of obtaining the release of Petitioner Valencia from an unconstitutional sentence, a jurisdictional issue and an unconstitutional incarceration. In support of this Petition the Petitioner will show the Court the following:

## STATEMENT OF THE CASE

Petitioner Valencia and six others were the subject of a seven-count Superseding Indictment filed by a Federal Grand Jury in Brownsville, Texas on November 19, 1993.

**Count One:** engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(a) and (c).

**Count Two:** conspiracy to possess, with intent to distribute, approximately 1,542 pounds of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841 (b)(1)(B)

**Count Three:** conspiracy to possess, with intent to distribute, approximately 868 pounds

of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841 (b)(1)(B).

<u>Count Four:</u> conspiracy to possess, with intent to distribute, approximately 142 pounds of marijuana in violation of 21 U.S.C. §§ 846, 841 (a)(1) ( and 841 (b)(1)(c).

<u>Count Five:</u> conspiracy to possess, with intent to distribute, a quantity exceeding 5 kilograms of cocaine, in violation of 21 U.S.C. § 846, 841(a)(1) and 841 (b)(1)(c).

<u>Count Six and Seven:</u> evading reporting requirements, in violation of 31 U S.C. § 5324(a)(3) and 18 U.S.C. § 2.

Petitioner Valencia was named in Counts 1, 2, 3, 4, 5 and 6 of the Indictment.

On December 14, 1993, Valencia was found guilty by a jury verdict on Counts 1, 2, 3, 4 and 6 of the indictment. The jury returned a not guilty verdict on Count 5.

The District Court then ordered a presentence investigation report, and set the sentencing for February 18, 1994. The Court dismissed Count 7 of the Indictment after the jury found Petitioner guilty of Count 6.

## ALLEGATIONS IN THE CASE

The Probation Officer stated in the presentence report that Valencia should be sentenced based on 1,157.587 kilograms of marihuana at a level 32 of the Sentencing Guidelines. The Probation Officer then added four levels for being an organizer of a drug smuggling organization, resulting in a sentencing of level 36.

The above stated levels were for Counts 2, 3 and 4 (conspiracy to possess, with intent to distribute). Count 1, continuing criminal enterprise, carries a base offense level of 38 pursuant to

United States Sentencing Commission Guideline for a violation of 21 U.S.C. § 848 (2) found in U.S.S.G. § 2D1.5(a)(2).

The Court sentenced Petitioner according to the allegations of the P.S.I. which stated that Defendant had possessed with intent to deliver 1,157.587 kilograms of marijuana. The allegations of the P.S.I. were not in the indictment and were not determined either by the Grand Jury or the Trial Jury.

Petitioner moves this Court to vacate, set aside and correct his sentence, because both the maximum and minimum penalty was unconstitutionally enhanced based on non-jury determinations of the quantity of drugs. The lesser standard of proof is by a preponderance of the offense and was impermissibly treated as a sentencing factor without a finding of guilt at trial.

The Fifth Amendment of the United States Constitution guarantees a defendant a "fair" trial by a twelve (12) member jury. The Sixth Amendment guarantees a defendant effective assistance of counsel.

A trial by jury as guaranteed by the Constitution is governed by Federal Rules and Procedures and Federal Rules of Evidence. Hence, a Court is bound to follow the Federal Rules and Procedures, and Rules of Evidence to conform with the Constitutional guarantee of a "fair" trial.

## ISSUES

*Apprendi* requires that pursuant to due process the quantity of drugs alleged in the offense must be submitted to the jury and proved beyond a reasonable doubt *Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000)* (defendant is entitled to a jury determination for every element of the offense beyond a reasonable doubt as an element of the offense). In this case, Valencia contested the quantity alleged at trial, but the question of quantity was not

submitted to the jury. See, *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); *Bledsoe v. Johnson*, 188 F.3d 250, 261 (5th Cir. 1999) (insufficient proof of an element of the offense, i.e. weight of drugs, questions sufficiency for purposes of review in habeas action); *Edward v. U.S.*, No. 96-8732 of April 19, 1989; and *Jeffers v. Chandler, Warden U.S. Penitentiary*, 234 F.3d 277 (5th Cir. 2000). See also *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (relief under § 2255 allowing a motion to set aside sentence is warranted for errors that occurred during sentencing if the Supreme Court hands down a decision that would have affected the sentencing of the petitioner).

WHEREFORE, Petitioner prays that the court grant him his writ and all relief to which he may be entitled in this proceeding.

Respectfully submitted,

*Fidel Valencia*
FIDEL VALENCIA, Pro Se
Inmate No. 63091-079
Federal Correctional Institution
P.O. Box 1010
Bastrop, Texas 78602-1010

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Petition For Writ of Habeas Corpus By A Person In Federal Custody Under 28 U.S.C. § 2241* was mailed to Mr. Mervyn Mosbacker, United States Attorney, 910 Travis Street, Suite 1500, Houston, Texas 77208 on this 23 day of June, 2001.

*Fidel Valencia*
Fidel Valencia, Pro Se