United States District Court
Southern District of Texas
FILED

OCT 2 4 2001

Michael N. Milby
Clerk of Court

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FIDEL VALENCIA, | § | |
| | § | |
| PETITIONER, | § | CIVIL ACTION NO. B-01-116 |
| | § | |
| VS. | § | CRIMINAL NO. B-93-132-S2-1 |
| | § | |
| R.D. MILES, WARDEN OF F.C.I. | § | |
| BASTROP, TEXAS, | § | |
| | § | |
| RESPONDENT. | § | |

PETITION TO RECONSIDER
PETITION FOR WRIT OF HABEAS CORPUS
FOR THE FOLLOWING REASONS

TO THE HONORABLE COURT:

    **COMES NOW,** the Petitioner FIDEL VALENCIA and submits this Petition for reconsider for the following reasons:

BACK GROUND

    Petitioner filed a petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241 on June 23, 2001, The Court dismissed Petitioner's Petition for Writ of Habeas Corpus 28 U.S.C. § 2241. The Court's reason for dismissing Petitioner's Petition for habeas corpus relief, was because it was not filed within the one year time far set forth under 28 U.S.C. § 2255 on August 23 Petitioner filed a motion for leave to proceed on Appeal In Forma Pauperis, Notice of Appeal, Affidavit In Support of Motion to Proceed On Appeal In Forma Pauperis, and Certificate of Service.

Page 1

Then On September 11, 2001, the Court mistakenly construed Notice of Appeal as a Certificate of Appelability and denied Petitioner's Notice of Appeal on September 13, 2001.

## ARGUMENTS AND REASONS FOR RECONSIDER

Petitioner's argument is that the district court is well aware in their Order that Petitioner Fidel Valencia a Federal Prisoner proceeding Pro-Se, filed a petition for Writ of Habeas Corpus 28 U.S.C. § 2241. According to the Federal Rules of Criminal Procedures, a Writ of Habeas Corpus under 28 U.S.C. § 2241 does not have time limitation as the district court can see that the court erroneously denied petitioner's Writ of habeas corpus 28 U.S.C. § 2241. Mistaken the Writ of Habeas Corpus as a motion under 28 U.S.C. 2255, which has the Antiterrorism And Effective Death Panalty Act (AEDPA) and does have a One Year time limitation.

Therefore the District Court erred when it construed and denied petitioner's right to Appeal because of the Courts denial of Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. SEE: **Hooker v. Sivley**, 187 F. 3d 680 (5th Cir. 1999).

In the Case of **Hooker** the Fifth Circuit Vacated and Remanded, because the "District Court Lacked Jurisdiction to construe the Federal Prisoner's Petition for Writ of Habeas Corpus as a motion to vacate, given that prisoner had not received prior authorization from the Court of Appeals to file A Second and Successive motion to vacate. 28 U.S.C.A. § 2255". In the **Hooker** Case Petitioner's 28 U.S.C. § 2241 petition, which was treated by the district court

as a 28 U.S.C. § 2255 motion and dismissed as time-barred under the One year limitation period. Petitioner aruges that the district court violated his constitutional Rights in construing his § 2241 petition as a § 2255 motion and dismissed is as time-barred. He contends that he should have been allowed to proceed under § 2241 because § 2255 offers an "inadequate and ineffective" remedy in his Case. And the fact that the district court lacked jurisdiction to construe Petitioner's Petition as a § 2255 motion because he had not received prior authorization from the Fifth Circuit Court to file a Second and Successive § 2255 motion. SEE: 28 U.S.C. §§ 2244, 2255; United States v. Rich, 141 F. 3d 550, 551 (5th Cir. 1998).

The District Court should reconsider reinstating Petitioner Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 or in the alternative, The District Court should Order and allow Petitioner to proceed to the Appeals Court on Appeal from the denied Order of Petition for Writ of Habeas Corpus. Petitioner sent to be filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and the District Court excepted Petitioner Writ of Habeas Corpus but then denied the Petition under the one year limitation as if it was a 28 U.S.C. § 2255 which under the (AEDPA)- Antiterrorism and Effective Death Penalty Act has a one year Limitation, But a Writ of Habeas Corpus under 28 U.S.C. § 2241 has no limitation what so ever.

Therefore the only way that this Court have denied Petitioner under the One Year Limitation would be to construe Petitioner's

Page 3

Writ of Habeas Corpus as a Motion of Post Conviction Under § 2255. And assuming that the Court did construe it as such, then it is in error, and this Court must reconsider and grant Petitioner's § 2241. Other wise it would become a Constitutional Jurisdictional Error.

Petitioner Prays that this Honorable District Court will reconsider and reinstate Petitioner's Original Petition.

Petitioner further Prays that this Court will Award any and All relief that Petitioner is entitle to in the best interest of Justice.

**RESPECTFULLY SUBMITTED IN GOOD FAITH, THIS 15TH DAY OF SEPTEMBER, 2001.**

/S/ *Fidel Valencia*
FIDEL VALENCIA, REG. NO. 63091-079
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1010, UNIT-3
BASTROP, TEXAS   78602-1010

### CERTIFICATE OF SERVICE

I hereby Certify that the Original was mailed to the United States District Court, And a Copy to the United States Attorney, Mr. Mervyn Mosbacker, United States Attorney, 910 Travis Street, Suite 1500, Houston, Texas 77208, On this 15th Day of September, 2001.

/S/ *Fidel Valencia*
FIDEL VALENCIA, REG. NO. 63091-079
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1010, UNIT-3
BASTROP, TEXAS   78602-1010