United States District Court
Southern District of Texas
ENTERED

JAN 22 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

# United States District Court
## for the Southern District of Texas
## Brownsville Division

| | | |
|---|---|---|
| **Fidel Valencia,** | § | |
| *petitioner,* | § | |
| | § | 1:01cv116 |
| v. | § | |
| | § | 1:93cr132 |
| **United States of America,** | § | |
| *respondent.* | § | |

### Order Granting Motion to Reconsider, Certificate of Appealability and Motion to Proceed *In Forma Pauperis*

On 28 June, 2001, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On 9 August, 2001, this Court denied Petitioner's petition as not being filed within the one year time bar as set forth under 28 U.S.C. § 2255. On 31 August, 2001, Petitioner filed his notice of appeal and motion to proceed *in forma pauperis*. On 13 September, 2001 this Court declined to issue a certificate of appeal. And on 24 October, 2001, Petitioner filed a motion to reconsider.

In his motion to reconsider, Petitioner asserts that this Court erred when it considered his 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 petition and denied it as time barred. This Court properly characterized Petitioner's 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 petition, however, the petition should not have been denied as time barred. Therefore, this Court **Grants** the Motion to Reconsider.

28 U.S.C. § 2255 provides that a petition to vacate, set aside, or correct sentence by a person in federal custody may be filed within one year of the date the conviction became final *or* within one year after the United States Supreme Court initially recognizes the constitutional right being asserted. Petitioner's conviction became final in 1996. He filed his petition on 28 June, 2001, clearly more than one year after his conviction became final. Erroneously relying only on the date of conviction as its starting point, this Court denied the Petitioner's petition as time barred.

In his petition, Petitioner assert that, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000) he was unconstitutionally deprived of his right for a jury to determine every element of his offense beyond a reasonable doubt. The United States Supreme Court issued the *Apprendi* opinion on 26 June, 2000. And the Petitioner filed his petition on 28 June, 2001. At first blush, it would appear that, by this method the Petitioner's petition would also be time barred. Pursuant to Fed. R. Crim. P. 45(a), however, the Petitioner is entitled to an additional three (3) days if he mailed his petition, which he presumably did since his in federal custody. The deadline then would be 29 June, 2001, one day after Petitioner filed his petition. Therefore, Petitioner's petition is not time barred and this Court must address its merits.

As stated above, Petitioner asserts that he is entitled to relief because he was unconstitutionally deprived of his right for a jury to determine every element of his offense

beyond a reasonable doubt as set out in *Apprendi*. As a threshold issue, this Court must determine whether *Apprendi* can be applied retroactively. The Fifth Circuit Court of Appeals has not definitively ruled on this issue. *See United States v. Clark*, 260 F.3d 382, 382 (5th Cir. 2001) (remanding the defendant-appellant's case for reconsideration in light of *Apprendi*). And the United States District Courts that have addressed the issue are in conflict. *Compare, e.g., Clark v. United States*, No. A97CA337SS, p. 9 (2001 W.D. 2001) (holding that *Apprendi* is substantive in nature and does apply retroactively), *with Gonzales v. United States*, 159 F. Supp. 2d 555, 558-60 (S.D. Tex. 2001) (holding that *Apprendi* does not apply retroactively).

It is an axiom that this Court is compelled to follow Fifth Circuit precedent when it exists. On this issue, however, none exists. When such is the case, it is this Court's policy to look to other district courts in the Southern District of Texas for authority. Doing so, ensures that the law is uniform within our district. If there is no precedent within the Southern District, it is this Court's policy to look to other district courts within the Fifth Circuit for authority.

In the instant case, this Court recognizes that Judge Sparks, of the Western District of Texas's opinion in *Clark* is well reasoned and persuasive. This Court, however, must adhere to its policy and follow the directives set out in *Gonzales*, a case from the Southern District of Texas. In *Gonzales*, Judge Hittner held that *Apprendi* is not retroactive. Therefore, *Apprendi* cannot be applied retroactively in the instant case.

For the reasons set forth above, Petitioner's petition to vacate, set aside, or correct sentence by a person in federal custody is **Denied**. Since the Fifth Circuit has not definitively ruled on whether *Apprendi* can be applied retroactively, however, and the district courts within the Fifth Circuit are in conflict, this Court **Grants** Petitioner a certificate of appealability as to whether *Apprendi* can be applied retroactively and if it can, whether Petitioner is entitled to relief because the jury did not find every element of his offense beyond a reasonable doubt. Furthermore, this Court **Grants** Petitioner's motion to proceed *in forma pauperis*.

Signed this the 10th day of January, 2002, ~~2001~~, at McAllen, Texas

The Honorable Filemon B. Vela