IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
DEC 12 2002

No. 01-41267
Conference Calendar

CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

CA B-01-116

Plaintiff-Appellee,

United States District Court
Southern District of Texas
FILED

versus

FEB 07 2003

FIDEL VALENCIA,

Michael N. Milby
Clerk of Court

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-1-CV-116
USDC No. B-93-CR-132-1

---

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Fidel Valencia (federal prisoner # 63091-079) filed a 28 U.S.C. § 2241 petition wherein he sought to challenge his 1994 conviction for possession with the intent to distribute marijuana. Valencia argued that his conviction and sentence were unconstitutional under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The district court construed Valencia's 28 U.S.C. § 2241 petition as a motion under 28 U.S.C. § 2255 and dismissed the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 01-41267
-2-

petition as untimely. The court subsequently determined that although it had properly characterized Valencia's 28 U.S.C. § 2441 petition as arising under 28 U.S.C. § 2255, the petition was not time-barred. Because he is a federal prisoner proceeding under 28 U.S.C. § 2241, Valencia does not need a COA to appeal. See Wesson v. U.S. Penitentiary Beaumont, Tx., 305 F.3d 343, 345 (5th Cir. 2002).

Under the "savings clause" of 28 U.S.C. § 2255, if the petitioner can show that 28 U.S.C. § 2255 provides him with an inadequate or ineffective remedy, he may proceed by way of 28 U.S.C. § 2241. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). To do so, the petitioner must show that (1) his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

This court has recently decided that an Apprendi claim does not satisfy the savings clause test set forth above because Apprendi is not retroactively applicable to cases on collateral review and because an Apprendi violation does not show that a petitioner was convicted of a nonexistent offense. Wesson, 305

No. 01-41267
-3-

F.3d at 347-48.  The district court thus did not err in determining that Valencia was not entitled to proceed under 28 U.S.C. § 2241.  Valencia's remaining arguments are patently frivolous.  The judgment of the district court is AFFIRMED.

AFFIRMED.